UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MAMMOTH RESOURCE PARTNERS, INC. | ) |
| | ) CASE NO. 10-11377(1)(11) |
| Debtor | ) |
| | ) |
| PAUL DANIEL BENNETT, et al. | ) |
| | ) AP NO. 10-1055 |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| ROGER L. CORY | ) |
| | ) |
| Defendant | ) |

**MEMORANDUM-OPINION**

This matter is before the Court pursuant to an Order from the Sixth Circuit Court of Appeals entered July 13, 2016 in Case No. 15-5994, styled *Dr. Roger Cory v. Paul Bennett, et al.*, affirming this Court's Order dated December 1, 2014 dismissing the claims of the Plaintiffs Paul Daniel Bennett, et al. ("Bennett Plaintiffs") against Defendant Roger L. Cory ("Cory") without prejudice, but vacating the Order to the extent it denied Cory's request for attorneys' fees and costs. The matter was remanded to this Court with instructions for the Court to reconsider Cory's request for attorneys' fees and costs in connection with the dismissal.

The Court considered Cory's affidavit in support of his request for attorneys' fees and costs, Cory's affidavit and supplemental filing in support of his request for reimbursement of his attorneys' fees and costs, the Bennett Plaintiffs' opposition to the documents and supplemental filing by Cory in support of his request for reimbursement of his attorneys' fees and costs, and the comments of

Cory and counsel for the Bennett Plaintiffs at the hearing held on the matter. For the following reasons, the Court will deny Cory's request for an Order awarding him his attorneys' fees and costs. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## **PROCEDURAL BACKGROUND**

This case has a long procedural history that is set forth in sufficient detail in the Court of Appeals' Order of July 13, 2016 (Dkt. 114) remanding this case for further determination on Cory's request for reimbursement of his attorneys' fees and costs as a condition to the granting of the Bennett Plaintiffs' motion to dismiss this case without prejudice. Cory seeks an award of $342,850.64, $171,373.66 and $80,321.88 representing attorneys' fees and costs paid by him or on his behalf by entities owned by him to seven different attorneys and law firms.

In October 2007, the Bennett Plaintiffs filed a securities fraud action in the United States District Court for the Western District of Kentucky, Bowling Green Division, Case No. 1:07-CV-168, against several oil and gas companies in which they had invested and Cory individually. The companies consisted of partnerships which were controlled by Cory.

On September 9, 2010, three of the defendant oil and gas partnerships in the securities fraud action, filed separate Chapter 11 Petitions in this Court. On October 28, 2010, the securities fraud action was removed to this Court and docketed as an adversary proceeding under Case No. 10-01055 (hereinafter referred to as the "Adversary Proceeding").

On June 9, 2011, at the request of the Bennett Plaintiffs, a Chapter 11 Trustee was appointed over the oil and gas partnership bankruptcy cases. *See*, *In re Mammoth Resource Partners, Inc.*, Case No. 10-11377 (hereinafter referred to as the "Bankruptcy Case").

The Trustee and the Bennett Plaintiffs negotiated a settlement of the Bennett Plaintiffs' claims with all parties, except Cory. Following a hearing, this Court entered an Order approving the settlement on March 2, 2012. Cory appealed the Court's approval of the settlement, which was ultimately affirmed by the United States District Court and the Sixth Circuit Court of Appeals. The United States Supreme Court denied *certiorari* on the case.

On August 20, 2012, Cory filed his own Chapter 7 Petition with this Court, Case No. 12-11135, and received a discharge on July 29, 2013. The case was closed on the same day.

On September 30, 2014, the Bennett Plaintiffs moved to dismiss the Adversary Proceeding without prejudice. The Bennett Plaintiffs asserted that their claims against Cory were not discharged in his Chapter 7 case, because they believed claims for nondischargeability of debts arising out of securities fraud are not time barred. The Bennett Plaintiffs stated that they did not hire their current counsel to represent them in any such action. The Bennett Plaintiffs claimed the dismissal without prejudice was necessary in the event that they later sought to have their claims declared nondischargeable. Cory objected to the dismissal without prejudice, claiming it would make it impossible for him to succeed on his appeal before the Supreme Court on the approval of the settlement, which was still pending. After a hearing, this Court granted the Bennett Plaintiffs' request to dismiss the Adversary Proceeding without prejudice on December 2, 2014.

Cory appealed the Order dismissing the Adversary Proceeding without prejudice. The United States District Court affirmed this Court's ruling on August 31, 2015. On July 13, 2016, the Sixth Circuit affirmed the dismissal without prejudice but remanded the matter with instructions that this Court consider Cory's request for attorneys' fees and costs.

Initially, Cory submitted his own affidavit in support of his request for reimbursement of his attorneys' fees and costs. He then listed the month, year, attorneys' names and amount of the fee paid in support of his request. The Court held a hearing on November 15, 2016 on Cory's request. Following that hearing, the Court gave Cory approximately 60 days to supplement the record with appropriate documentation in support of his fee request, after which the Bennett Plaintiffs could file a response to the supplement and the matter would then be submitted to the Court.

On January 17, 2017, Cory filed an additional affidavit stating that despite his best efforts, he was only able to obtain records from one attorney, Kenneth Meredith, and submitted Meredith's fee statements from October 15, 2007 through July 11, 2012 for review by the Court. Cory was unable to obtain billing statements from the other six attorneys and law firms due to the fact that either the firms no longer had the billing records due to changes in the firm's software or were otherwise no longer available for inspection.

On February 15, 2017, the Bennett Plaintiffs filed their opposition to Cory's supplemental affidavit and documents in support of his request for reimbursement of his attorneys' fees and costs and the Court took the matter under submission.

**LEGAL ANALYSIS**

Pursuant to Bankruptcy Rule 7041, which incorporates Rule 41 of the Federal Rules of Civil Procedure, an action may be dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is to protect the non-movant, from unfair treatment. The Court abuses its discretion in granting such a motion only where the defendant would suffer "plain legal prejudice" as a result of dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Grover ex rel. Grover v. Eli Lilly & Co.*,

33 F.3d 716, 718 (6th Cir. 1994), citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). There is no requirement that a court order a plaintiff to pay costs as a condition to a voluntary dismissal without prejudice. *Bridgeport Music, Inv. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

In its Opinion remanding this matter to the Court for consideration of Cory's request for attorneys' fees and costs, the Sixth Circuit stated as follows:

> Given Cory's failure to demonstrate that a dismissal without prejudice would result in plain legal prejudice, the bankruptcy court acted well within its discretion when it granted the Bennett Parties' motion. . . . Accordingly, we affirm the bankruptcy court's order to the extent that it dismissed the claims against Cory without prejudice.

Sixth Circuit Opinion, Dkt. 114 at p. 6.

The Sixth Circuit's Order affirmed this Court's ruling in granting the Bennett Plaintiffs' motion to voluntarily dismiss the Adversary Proceeding without prejudice. Because this Court's Order made no mention of attorneys' fees, the matter was remanded to this Court to ensure that Cory's request for attorneys' fees be considered. Thus, the only issue before the Court now is Cory's request for reimbursement of his attorneys' fees as a condition to the voluntary dismissal without prejudice.

After remand of the attorneys' fees issue by the Sixth Circuit to this Court, the Court gave Cory ample opportunity to file his Motion for Attorneys' Fees and Costs and additional time to support that claim with appropriate documentation. Cory, however, filed only partial records from one of his eight law firms and attorneys used to defend the claims by the Bennett Plaintiffs. Cory submitted the billing invoices from attorney Kenneth Meredith for work performed for Cory from October of 2007 to July of 2012. It is impossible for the Court to discern from the records submitted

whether the legal work performed would not be useful in defending a later nondischargeability action. There also is no way to tell whether the entirety of the fees requested by Cory were necessary or whether the time expended on the matters was reasonable.

This Court regularly reviews attorney's fee requests. The purpose for submitting documentation to support an attorneys' fee application is to provide the court with sufficient information for the court to determine whether the services rendered were reasonable, actual and necessary. *See*, *In re J.F. Wagner's Sons Co.*, 135 B.R. 264 (Bankr. W.D. Ky. 1991). The Court is very familiar with the lodestar method for determining the reasonableness of attorney's fees, which requires the Court to multiply the proven number of hours reasonably expended on the litigation by a reasonable hourly rate. *See*, *Geier v. Sundquist*, 372 F.3d 784, 791-91 (6th Cir. 2004). The Court does not find the hourly rate charged by Mr. Meredith unreasonable for an attorney of his skill level within this market. No evidence was submitted by Cory, however, to establish that the work performed was reasonable or necessary.

Cory claims that if the Bennett Plaintiffs refile their claims against him his payment of the fees to defend the initial action will be wasted. This Court, however, has no evidence that the work performed on his behalf cannot be used in a subsequent lawsuit. The Bennett Plaintiffs provided more than sufficient evidence of their reasons for dismissing the Adversary Proceeding without prejudice. Also, there was no showing of lack of diligence by the Bennett Plaintiffs in prosecuting the action, nor had Cory filed a motion for summary judgment – – all factors courts typically consider in weighing a voluntary dismissal without prejudice. *Bridgeport*, 583 F.3d at 953-54. In light of the finding that Cory suffered no plain legal prejudice, this Court finds no reason to condition the dismissal without prejudice on an award of Cory's attorneys' fees and costs.

Cory's request for reimbursement of his attorneys' fees and costs is not supported under the legal standards set forth by the Sixth Circuit.  Considering that the Court did not find that Cory suffered plain legal prejudice by the voluntary dismissal, along with the complete lack of evidence to support an award of attorneys' fees and costs, Cory's request for reimbursement of his attorneys' fees and costs must be **DENIED**.

## CONCLUSION

For all of the above reasons, Cory's motion and supplemental motion for reimbursement of his attorneys' fees and costs in connection with the Bennett Plaintiffs' voluntary dismissal of this Adversary Proceeding without prejudice against Cory, must be **DENIED**.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  April 11, 2017

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| MAMMOTH RESOURCE PARTNERS, INC. | ) CASE NO. 10-11377(1)(11) |
| Debtor | ) |
| PAUL DANIEL BENNETT, et al. | ) AP NO. 10-1055 |
| Plaintiff(s) | ) |
| v. | ) |
| ROGER L. CORY | ) |
| Defendant | ) |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Dr. Roger L. Cory for an award of costs and fees, be and hereby is, **DENIED**. This is a final and appealable Order. There is no just reason for delay.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 11, 2017